548 So.2d 1182 (1989)
Bruce E. CANNON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02223.
District Court of Appeal of Florida, Second District.
September 20, 1989.
PER CURIAM.
Bruce Cannon appeals the summary denial of his motion for postconviction relief. We reverse.
Cannon states that he pled guilty to two counts of attempted sexual battery with the understanding he would receive a guideline sentence. Although the guidelines, if calculated in the manner suggested by Cannon's motion, would have recommended a maximum sentence of nine years, Cannon actually received twenty-five years in prison followed by twenty years probation. The trial court's order acknowledges that the sentence was a departure from the guidelines, and indicates the departure was based on a plea bargain. The court also found that four separate offenses, not two, were involved. No transcript of the plea colloquy is attached to the order.
The trial court is correct to the extent it holds a plea bargain may contemplate a sentence above the guideline recommendation. See, e.g., Holland v. State, 508 So.2d 5 (Fla. 1987). However, the order does not appear to address Cannon's claim that his plea bargain, as he understood it, was for a sentence within the guideline range, and that only two counts were involved. If this contention is true Cannon might be entitled to withdraw the plea. Therefore, we must remand for further proceedings in accordance with rule 3.850, Florida Rules of Criminal Procedure. After remand, if the files and records in this case conclusively establish that Cannon is not entitled to relief, the trial court may again deny the motion, attaching to its order the documentation relied upon for *1183 this conclusion. Otherwise an evidentiary hearing may be necessary.
Reversed.
RYDER, A.C.J., ALTENBERND, J., and BOARDMAN, EDWARD F., (Ret.), J., concur.