573 So.2d 446 (1991)
Kerrie Marlene MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01191.
District Court of Appeal of Florida, Second District.
February 1, 1991.
*447 James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We affirm appellant's convictions for uttering a forged instrument, burglary of a dwelling, grand theft, and petit theft. However, we are required to remand this case for correction of sentence.
Appellant was convicted following her entry of no contest pleas in several separate circuit court cases, including charges of violating probation. The only negotiation was for a sentence at the midpoint of the range recommended by sentencing guidelines. The total sanction imposed, fifteen years in prison followed by five years probation, is consistent with that recommendation. The split sentence does not represent a departure, because only the incarcerative portion must conform to the guideline range. Tyner v. State, 545 So.2d 961 (Fla. 2d DCA 1989). However, the method by which sentence was imposed results in an unlawful sentence for each of the several crimes involved. The trial court imposed the same split sentence for each felony charge, thereby exceeding the statutory maximum in each case. §§ 775.082(3)(c), (d), Fla. Stat. (1989). Cf. Speller v. State, 545 So.2d 968 (Fla. 2d DCA 1989).
After remand the trial court may impose any combination of concurrent or consecutive sentences that would result in the same total sanction, so long as the statutory maximum is not exceeded for any offense. Branam v. State, 554 So.2d 512 (Fla. 1989). Appellant need not be present for resentencing.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and LEHAN and THREADGILL, JJ., concur.