PER CURIAM.
Charles Joseph Clark appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Clark alleged (1) his plea was induced by counsel’s mistaken advice that he would be eligible for provisional gain time and (2) his sentence was not in accordance with the plea agreement. If these allegations are true, then Clark may be entitled to relief. See Tarpley v. State, 566 So.2d 914 (Fla.2d DCA 1990); Cannon v. State, 548 So.2d 1182 (Fla.2d DCA 1989).
The trial court denied the motion without an evidentiary hearing. Rather than attaching to its order portions of the record that conclusively refute Clark’s allegations, the trial court stated trial counsel had testified at a November 5, 1990 hearing on Clark’s motion that he (trial counsel) did not tell Clark that he would be eligible for provisional gain time credit. In its order, the trial court also quoted excerpts from the transcript of Clark’s change of plea hearing, but failed to attach a copy of the transcript.
Rule 3.850 provides in pertinent part:
In those instances when such denial [without an evidentiary hearing] is not *1200 predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order.
The trial court’s reference to a November 5, 1990, hearing on Clark’s motion and its quotation from Clark’s change of plea hearing do not satisfy the requirements of rule 3.850. Further, the quotation from the change of plea hearing does not conclusively refute Clark’s second allegation.
Accordingly, we reverse the order denying Clark’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Clark is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial. court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Clark’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.