PER CURIAM.
Robert Watkins, convicted of burglary of a dwelling and loitering and prowling, raises two minor points in this appeal. We affirm as to both.
On July 12, 1990, Watkins was before the court to resolve numerous motions, including a motion to sever the misdemeanor loitering charge. The trial court indicated it would grant the motion. However, during the same hearing the court also denied a motion in limine concerning the burglary charge, and Watkins decided to enter a plea of nolo contendere. The plea covered both charges. Watkins now argues that the circuit court, by virtue of its having severed the loitering charge, had no jurisdiction to accept the plea or sentence for that offense. However, we find that the decision to sever, never reduced to written order, did not become final before Watkins’s change of heart regarding the major offense. In effect the trial court was reconsidering its prior ruling at Watkins’s request and for his convenience, which under these circumstances it had the authority to do. See State v. Vazquez, 450 So.2d 203 (Fla.1984).
The second point on appeal concerns the imposition of costs, assertedly without prior notice. This issue has been disposed of by the supreme court’s recent decision in State v. Beasley, 580 So.2d 139 (Fla.1991), and is without merit.
Affirmed.
CAMPBELL, A.C.J., and LEHAN and HALL, JJ., concur.