595 So.2d 266 (1992)
Douglas FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1268.
District Court of Appeal of Florida, Fifth District.
March 13, 1992.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Ford appeals from the sentences he received for armed burglary, grand theft and possession of burglary tools. Pursuant to plea negotiations with the State, Ford entered a nolo contendere plea to all three charges, based on the understanding he would be sentenced as a youthful offender as to grand theft and receive a term of three years incarceration, and receive concurrent five year terms of probation for the other two counts consecutive to the incarceration. The trial court sentenced him in exact compliance with his plea bargain.
Ford now argues the sentences violate section 958.04(2)(c), Florida Statutes (1991). That statute provides:
The court may impose a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration; however, if the incarceration period is to be served in a department facility other than a probation *267 and restitution center or community residential facility, such period shall be for not less than one year or more than four years. The period of probation or community control shall commence immediately upon the release of the youthful offender from incarceration. The period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed six years. (Emphasis supplied).
The State agrees that Ford received an illegal sentence, since pursuant to section 958.04(2)(c) a youthful offender cannot receive longer than six years combined incarceration plus probation terms. Thus, the maximum possible probation term in this case was three years (not five), since Ford also was sentenced to three years incarceration. Accordingly, we quash the judgment and sentence in this case and remand for further proceedings.
On remand, the State shall not be bound by its plea bargain, and it may seek other sanctions. In this case, Ford was charged with a first degree felony punishable by life, and two third degree felonies. His sentencing guidelines recommended range was 2 1/2-3 1/2 years, and the permitted range was community control up to 4 1/2 years.
Since the plea bargain entered into by Ford and the State is prohibited by statute, on remand, the State may opt to accept Ford's plea with the youthful offender sentences reduced to a legal term. Or, the State may decline to accept the plea bargain, and both parties will approach the plea stage of this case at "square one." See Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981). The State must exercise its option to accept the plea before the trial court within thirty days of the issuance of the mandate herein. Otherwise, the case shall revert to its status before the plea bargain was formulated.
REVERSED and REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.