PATTERSON, Judge.
Robert Watkins appeals his judgment and sentence for attempted burglary, possession of burglary tools, and petit theft. He also appeals the denial of his motion for post-conviction relief.
On June 4, 1990, the state filed an information charging Watkins in circuit court case number 90-1282, with attempted burglary of a dwelling, possession of burglary tools, and petit theft. On September 17, 1990, Watkins pled nolo contendere to these charges and to burglary of a dwelling in case number 90-1593, reserving the right to appeal the denial of his motion to suppress. In case number 90-1282, the trial court sentenced Watkins to two concurrent ten-year terms in prison for attempted burglary and possession of burglary tools, and to time served for the petit theft. In case number 90-1593, the trial court sentenced Watkins to a ten-year term for burglary of a dwelling concurrent with the sentences in case number 90-1282. Watkins’ attorney filed a notice of appeal in case number 90-1593,[1] but not in case *1351 number 90-1282 because he did not believe Watkins had an appealable issue in that case.
While the appeal was pending, on June 18, 1991, Watkins filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging, inter alia, that his ten-year sentences for attempted burglary and possession of burglary tools exceeded the statutory maximum for third-degree felonies. The motion also alleged that he was told that he could reserve his appellate rights in case number 90-1282 and that he recently discovered that the issue reserved had to be raised in a trial and could not be reserved by a nolo plea.
On July 15, 1991, Judge Gallen granted Watkins’ post-conviction motion to the extent that it requested a belated appeal in case number 90-1282. Judge Gallen’s order did not mention the remaining points in Watkins’ motion concerning case number 90-1593. On July 25, 1991, Watkins filed a pro se notice of appeal, which this court recognizes as a direct appeal in case number 90-1282 and as an appeal from the denial of his motion for postconviction relief in both cases.
As to the appeal in case number 90-1282, Watkins correctly argues that the trial court exceeded the statutory maximum in sentencing him to concurrent ten-year terms for the two third-degree felonies.. A trial court may not impose an illegal sentence, even if it is pursuant to a plea agreement. Williams v. State, 500 So.2d 501 (Fla.1986). Therefore, we remand case number 90-1282 to the trial court for resentencing to a maximum of five years for each offense.
Watkins also argues that the trial court erred in failing to hold an evidentiary hearing on his rule 3.850 motion. That motion requested relief in case numbers 90-1593 and 90-1282. In its order, the trial court granted a belated appeal in case number 90-1282, but failed to address the remaining issues in the motion. The court did not attach to its order any portion of the record to refute Watkins’ allegations.
Accordingly, we reverse the trial court’s denial of Watkins’ motion. On remand, unless the files and records of the case conclusively show that Watkins is entitled to no relief, the court shall order the state attorney to file an answer within a time certain. After receipt of the answer, the court shall determine whether an evidentia-ry hearing is required. If the court should again deny the motion, Watkins has thirty days in which to appeal.
Reversed and remanded.
FRANK, A.C.J., and ALTENBERND, J., concur.

. Watkins v. State, 582 So.2d 106 (Fla.2d DCA 1991).