622 So.2d 529 (1993)
Raymond Lee WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01985.
District Court of Appeal of Florida, Second District.
July 23, 1993.
PER CURIAM.
Raymond Wilson appeals the summary denial of his motion to correct sentence. We affirm in part and reverse in part.
Wilson entered a negotiated plea which covered a number of offenses. Three were life felonies[1] and two were first degree felonies punishable by life.[2] Concurrent split sentences were imposed for each offense. Wilson now argues that these sentences exceed the statutory maximum.[3]
For the life felonies, the sentence was 35 years prison followed by 30 years probation, that is, a total sanction of 65 years. However, when a court opts to impose a term of years for a life felony committed after October 1, 1983, it is limited to 40 years. § 775.082(3)(a), Fla. Stat. (1991). The total duration of a split sentence must fall within the statutory maximum. Mitchell v. State, 573 So.2d 446 *530 (Fla. 2d DCA 1991). Accordingly, Wilson's life felony sentences are excessive by 25 years and must be corrected after remand.
By virtue of a statutory anomaly, the sentences for the first degree/life felonies  30 years prison plus 30 years probation  are not unlawfully excessive. Such crimes are punishable by "a term of years not exceeding life imprisonment." § 775.082(3)(b), Fla. Stat. (1991). Unlike those which may be imposed for life felonies, such "terms" are not limited to 40 years. Sterling v. State, 584 So.2d 626 (Fla. 2d DCA), rev. denied, 592 So.2d 682 (Fla. 1991). We affirm the denial of postconviction relief as to these sentences.
A final argument concerns an alleged error in Wilson's guideline scoresheet. As to this the circuit court found, and we agree, that any computational error in the scoresheet is immaterial since Wilson agreed to the specific length of the sentences that he received. Cf. Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987). There is no indication that Wilson's plea negotiation contemplated a guideline sentence, as occurred in such cases as Cannon v. State, 548 So.2d 1182 (Fla. 2d DCA 1989). We affirm the trial court on this issue also.
It is debatable whether this limited reversal will or should confer any significant practical benefit upon Wilson. Reviewing the plea and sentencing transcripts, we find that the probationary terms were a vital component of the plea offer made by the state. Although the split sentences imposed for the life felonies are technically illegal, after remand the trial court may impose any combination of prison and probation that will satisfy its original intent at the time of sentencing, so long as no individual sentence exceeds the statutory maximum. Mitchell.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.
NOTES
[1] Sexual battery, as defined in § 794.011(3), Fla. Stat. (1991).
[2] Kidnapping, § 787.01(2), Fla. Stat. (1991), and burglary with assault, § 810.02(2)(a), Fla. Stat. (1991).
[3] Lesser felonies and a misdemeanor are not contested in the motion.