629 So.2d 285 (1993)
John DYER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2289.
District Court of Appeal of Florida, Fifth District.
December 17, 1993.
John Dyer, pro se.
No appearance for appellee.
THOMPSON, Judge.
The defendant, John Dyer ("Dyer"), appeals a Summary Denial of a 3.800(a) Motion to correct an illegal sentence. We reverse.
Dyer was originally charged with a capital sexual battery.[1] The victim at the time was a child under 12 years of age and Dyer was 23 years of age. Dyer entered a plea of nolo contendere to the lesser life felony of sexual battery on a child under 12 years of age by a person under 18 years of age.[2] As part of the plea negotiation, the state reduced the charge from capital battery with a 25 year minimum mandatory sentence to a life felony. Dyer agreed to a sentence of 15 years in the Department of Corrections ("DOC") with *286 life probation. Pursuant to the plea agreement, Dyer was originally sentenced to life probation with a condition of 15 years in the DOC. After being sentenced, Dyer filed a motion to correct an illegal sentence.[3] This sentence was corrected by an amended order which sentenced Dyer to 15 years incarceration followed by life probation. Dyer argues that this sentence is also illegal and excessive because it violates the statutory maximum.
Dyer entered a plea to a life felony. This felony was committed after 1 October 1983 and is therefore punishable by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years.[4] The trial judge sentenced Dyer to 15 years incarceration followed by life probation. This sentence is illegal. Taylor v. State, 573 So.2d 173, 174 (Fla. 5th DCA 1991). Once the judge enumerated a term of 15 years in the DOC, the judge elected to sentence Dyer to a term of years. Therefore, the maximum probation that can follow is 25 years. See Mitchell v. State, 573 So.2d 446 (Fla. 2d DCA 1991). The reason probation can not exceed 25 years is that the combined sentence must fall within the statutory maximum of 40 years. See Wilson v. State, 622 So.2d 529 (Fla. 2d DCA 1993); Ward v. State, 558 So.2d 166 (Fla. 1st DCA 1990). The fact that his sentence was the result of a valid plea agreement does not make the sentence imposed a legal sentence. The trial court cannot impose an illegal sentence even if the sentence is pursuant to a valid plea agreement. See Watkins v. State, 613 So.2d 1350 (Fla. 2d DCA 1993); Williams v. State, 500 So.2d 501 (Fla. 1986), receded from on other grounds, Quarterman v. State, 527 So.2d 1380 (Fla. 1988).
We reverse the denial of the 3.800(a) motion and remand with directions that Dyer be resentenced. Although Dyer was sentenced on 10 November 1987 to serve 15 years in the DOC, he has been lawfully released from prison and is currently on probation. At the resentencing, the trial judge has two options. The first option, a "true split sentence," is to sentence Dyer to imprisonment for life, suspended after 15 years, with credit for time served, with the balance to be served on probation. The second option, a "probationary split sentence," is to sentence Dyer to 15 years in the DOC, with credit for time served, followed by 25 years probation. The trial judge can sentence Dyer to a combined sentence not to exceed 40 years. See Poore v. State, 531 So.2d 161, 164 (Fla. 1981).
Dyer may argue at resentencing that he is being punished for his success on appeal. That is incorrect. His sentence is not being increased, only corrected to fulfill his negotiated plea. Therefore, the sentence is lawful and not vindictive. Wood v. State, 582 So.2d 751, 754 (Fla. 5th DCA 1991).
REVERSED and REMANDED for resentencing.
HARRIS, C.J., and GRIFFIN, J., concur.
NOTES
[1] Sections 794.011(2) and 775.082(1), Fla. Stat. (1991).
[2] Sections 794.011(2) and 775.082(3)(a), Fla. Stat. (1991).
[3] Dyer's original sentence is not before this court. The assistant state attorney at the motion hearing agreed that sentence was illegal and the trial judge entered the amended order which is before this court.
[4] See § 775.082(3), Fla. Stat. (1991).