CAMPBELL, Acting Chief Judge.
Gerald George Marsh pled nolo contendere to two counts of sexual battery and one count of armed kidnapping. On each offense he received a concurrent sentence of twenty-seven years incarceration followed by life probation. We find no merit in the issues raised by the state on direct appeal and affirm Marsh’s conviction. On cross-appeal, Marsh argues that his sentence exceeds the statutory maximum. We agree.
The sexual batteries and armed kidnapping for which Marsh was sentenced are life felonies, punishable by life imprisonment or a term of imprisonment not exceeding forty years. § 775.082(3)(a), Fla.Stat. (1987). When the trial court opts for a term of years instead of a life sentence, it may not impose a sentence longer than forty years. Stephens v. State, 627 So.2d 543 (Fla. 2d DCA 1993); Sterling v. State, 584 So.2d 626 (Fla. 2d DCA 1991), rev. denied, 592 So.2d 682 (Fla.1991); Greenhalgh v. State, 582 So.2d 107 (Fla. 2d DCA 1991). Moreover, the total duration of a split sentence must fall within the statutory maximum. Wilson v. State, 622 So.2d 529 (Fla. 2d DCA 1993).
The concurrent twenty-seven-year terms of imprisonment followed by life probation in this case exceeds the statutory maximum. Accordingly, we vacate the sentences for sexual battery and armed kidnapping and remand for resentencing.
Affirmed in part; reversed in part.
SCHOONOVER and BLUE, JJ., concur.