662 So.2d 1345 (1995)
Basil Alan MUNRO, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02055.
District Court of Appeal of Florida, Second District.
November 17, 1995.
PER CURIAM.
Basil Alan Munro appeals the denial of his motion to correct illegal sentence. The state concedes error in the written sentence. Therefore, we affirm in part, but reverse and remand so that the trial court may correct the written sentence to conform to the court's intent at the time of sentencing.
Munro pleaded guilty to the crime of second degree murder with a deadly weapon, a life felony pursuant to sections 782.04(2) and 775.087(1)(a), Florida Statutes (1989). The record demonstrates that Munro and the state agreed to a sentence in which Munro would serve sixteen years' incarceration followed by life probation. The trial court had two available options to effectuate that sentence: first, the court could have imposed a *1346 split sentence comprised of a term of incarceration followed by a term of probation, the total of which could not exceed the statutory maximum amount of forty years pursuant to section 775.087(1)(a), Florida Statutes (1989). Alternatively, Munro could have been sentenced to a term of imprisonment not to exceed life, suspended after a specified term of years, followed by a probationary period of up to life. See, e.g., Stephens v. State, 627 So.2d 543 (Fla. 2d DCA 1993); White v. State, 652 So.2d 518 (Fla. 5th DCA 1995); Dyer v. State, 629 So.2d 285 (Fla. 5th DCA 1993).
The sentence, as written, imposes an impermissible term of years followed by life probation. In order to carry out the intent of the negotiated plea, the court must impose a sentence in accordance with one of the two proposed options.
Accordingly, we reverse and remand this cause to the trial court for correction of the written sentence to effectuate the court's intent at the time of sentencing.
Reversed and remanded.
DANAHY, A.C.J., and FULMER and QUINCE, JJ., concur.