FRANK, Judge.
Diane Jones has appealed from the judgment and sentences imposed after she violated her community control. She claims the state did not prove a willful and substantial violation. We reject that contention, and affirm the trial court’s determination that *937 Jones violated condition (16) of her community control by failing to remain confined to her approved residence and by failing to report to her community control officer. The record does not contain an order reflecting the violation, however, and on remand the trial court is directed to enter an order setting forth the specific violation of community control. See Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990).
This case must also be remanded for re-sentencing. The state concedes, under the guidelines in effect at the time Jones committed the felony for which she was sentenced, that the imposed guidelines sentence could not exceed the statutory maximum for the offense. See Branarn v. State, 554 So.2d 512 (Fla.1990); Mitchell v. State, 573 So.2d 446 (Fla. 2d DCA 1991). Because the five and one-half-year prison term exceeds the statutory maximum for a third degree felony, section 775.082(3)(a), Florida Statutes (1993), the sentences must be reversed.
Convictions affirmed; sentences reversed; and remanded for resentencing and for entry of order of community control violation.
DANAHY, A.C.J. and THREADGILL, J., concur.