MICKLE, Judge.
Appellant appeals the denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm in part and reverse in part.
Following a jury trial, appellant was convicted and sentenced as follows: 25 years in prison followed by 20 years on probation for armed kidnapping, 25 years in prison followed by 20 years on probation for armed sexual battery, and 25 years in prison with a three-year mandatory minimum for attempted first-degree murder with a firearm.
As his first claim for relief, appellant asserts that the sentences imposed on the armed kidnapping and armed sexual battery convictions exceed the 40-year maximum term allowable by statute. We agree. Armed kidnapping and armed sexual battery are both life felonies, punishable by life imprisonment or a term of imprisonment not to exceed forty years. §§ 787.01(2), 794.011(3), 775.087(l)(a), 775.082(3)(a), Fla. Stat. (1993). When a court opts for a term of years instead of a life sentence for a life felony committed after October 1, 1983, it may not impose a sentence longer than forty years. See State v. Marsh, 642 So.2d 120 (Fla. 2d DCA 1994). A sentence imposed on a life felony, comprised of a term of incarceration followed by a term of probation, cannot exceed the statutory maximum of forty years. See Munro v. State, 662 So.2d 1345 (Fla. 2d DCA 1995).
*1134 Herein, the total duration of each sentence is 45 years. As such, both sentences exceed the statutory maximum. See Sumner v. State, 658 So.2d 111 (Fla. 2d DCA 1995)(re-versing life felony sentence of 22 years in prison followed by 25 years of probation). Accordingly, we reverse the sentences imposed on these two counts and remand for resentencing.
We affirm, without discussion, the denial of appellant’s second and third claims for relief.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
LAWRENCE and DAVIS, JJ., concur.