FRANK, Acting Chief Judge.
Pursuant to Florida Rule of Criminal Procedure 3.800(a), Kevin Tatum challenges the trial court’s rejection of his attack upon the legality of his sentence. He is correct when he asserts that his sentence exceeds the statutory maximum for the offense for which he was convicted. Thus, we reverse and remand.
Tatum was convicted of second-degree murder with a firearm, and the trial court imposed twenty-two years in prison followed by twenty years’ probation. His judgment incorrectly labels the offense as a first-degree felony, while in fact he was convicted of a life felony. See Munro v. State, 662 So.2d 1345 (Fla. 2d DCA 1995) (explaining that second-degree murder with a deadly weapon constitutes a life felony). Tatum’s offense falls within the sentencing boundaries of sections 775.082(3)(a) and 775.087(l)(a), Florida Statutes (1987). Consequently, the combination of incarceration and probationary supervision may not exceed forty years; however, a life sentence is permissible.[1] See Munro, 662 So.2d at 1345-46. Tatum’s sentencing guidelines scoresheet correctly identifies his offense as a life felony, but the judgment erroneously reflects a conviction for the less serious first-degree felony. Although his sentence would be legal had he been convicted of only a first-degree felony punishable by life, the sentence imposed exceeds the maximum limits for the more serious life felony. See Sterling v. State, 584 So.2d 626 (Fla. 2d DCA 1991) (pointing out the statutory anomaly which permits trial courts greater sentencing flexibility with first-degree felonies than with life felonies).
We reverse and remand for correction of the judgment to identify Tatum’s homicide conviction as a life felony and for correction of his sentence which currently exceeds the statutory maximum for a life felony. We *1146 reject Tatum’s other attacks on his sentence which are without merit.
Affirmed in part, reversed in part, and remanded.
THREADGILL and GREEN, JJ., concur.

. This conclusion is based upon the presumption that Tatum’s conviction in 1989 resulted from an offense committed after October 1, 1983. See §§ 775.082(3)(a)l and 2, Fla. Stat. (1997).