WHATLEY, Judge.
Appellate counsel for Terry Hudson filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), suggesting three issues for review. Our independent review of the record reveals error only in Hudson’s sentence for attempted armed robbery. We affirm in all other respects.
Hudson pleaded nolo contendere to attempted armed robbery, which is a second-degree felony punishable by a maximum of 15 years.[1] See § 775.082(3)(c), Fla. Stat. (1991). However, Hudson was sentenced to 15 years in prison followed by probation for life for this offense. The total period of incarceration and probation exceeds the statutory maximum that may be imposed for this crime. See Bloodworth v. State, 719 So.2d 383, 23 Fla. L. Weekly D2402 (Fla. 1st DCA Oct.23, 1998). Hudson has not waived the legality of his sentence even though he agreed to it. See Stephens v. State, 627 So.2d 543 (Fla. 2d DCA 1993). Further, a sentence that exceeds the statutory maximum is fundamental error which can be raised at any time. Id.
Accordingly, we reverse Hudson’s sentence for attempted armed robbery and remand with directions to impose a sentence which does not exceed the statutory maximum for a second-degree felony.
PARKER, C.J., and SALCINES, J., Concur.

. Mays v. Stale, 717 So.2d 515 (Fla.1998), does not apply here because Hudson was sentenced in 1993, before the 1994 revised sentencing guidelines became effective. See § 921.001(5), Fla. Stat. (1993).