766 So.2d 403 (2000)
Damien Antonio HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-902.
District Court of Appeal of Florida, Second District.
August 11, 2000.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
*404 SALCINES, Judge.
Damien Antonio Harris appeals his convictions for armed burglary and sexual battery. We affirm Harris's convictions without discussion. However, Harris was sentenced under the 1995 guidelines which have been declared to be unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla. 2000). Accordingly, this matter must be remanded to the trial court in order that it reconsider the sentences imposed in accordance with Heggs. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Additionally, Harris's sentence for armed burglary in violation of section 810.02(2)(b), Florida Statutes (1995), was improperly enhanced to a life felony pursuant to section 775.087, Florida Statutes (1995). The use of a weapon or a firearm is an essential element of armed burglary. See Fowler v. State, 375 So.2d 879, 880 (Fla. 2d DCA 1979). Thus, section 775.087(1) itself precludes this classification. The trial court's reclassification of the armed burglary conviction to a life felony is reversed and we remand for the judgment to be corrected to reflect a first-degree felony conviction. See Wright v. State, 617 So.2d 837, 842 (Fla. 4th DCA 1993).
The convictions are affirmed, reclassification of the armed burglary is reversed and remanded, and the sentences are remanded for reconsideration as discussed above.
BLUE, A.C.J., and WHATLEY, J., Concur.