SALCINES, Judge.
Michael B. Williams challenges the trial court’s denial of his claim of ineffective assistance of trial counsel pursuant to Florida Rule of Criminal Procedure 3.850. Williams complains that after a plea had been offered by the State, but before it had been accepted, he informed counsel that the guidelines scoresheet was not accurate as it included points for offenses for which he had not been convicted and which, if corrected, would have resulted in a lesser sentence. We reverse and remand.
Williams entered into a written negotiated plea agreement. The State and Williams did not agree to a specific sentence; however, the State agreed to recommend a minimum prison sentence indicated by the guidelines, which indicated a term of imprisonment of 47.325 months. The maximum term of incarceration recommended by the State was the minimum prison months calculated on Williams’ guidelines scoresheet.
Williams asserted in his postconviction motion that the scoresheet erroneously included two additional grand theft auto convictions, two additional burglary convictions, and three additional grand theft *389 convictions. In support of his assertion that he had not been convicted of these charges, Williams attached to his motion a copy of an FDLE report on his criminal record.
Reviewing the FDLE report, this court notes that it does appear that additional convictions were included on the guidelines scoresheet which do not appear in the report. The trial court denied Williams’ motion without discussing the scoresheet and merely stated that Williams entered into the plea agreement to avoid being sentenced as a habitual offender. The transcript attached to the trial court’s order does not support the statement that the State waived the right to the enhanced penalty as part of the plea agreement. Additionally, the trial court’s reliance upon Hill v. State, 730 So.2d 322, 323 (Fla. 1st DCA 1999), Wilson v. State, 622 So.2d 529 (Fla. 2d DCA 1993), and Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987), to support its conclusion that Williams is not entitled to relief because he had been sentenced to the same terms to which he had agreed is misplaced. These cases are distinguishable because, in the present case, Williams did not agree to a sentence of a specific number of years. Further, it appears that Williams and the State contemplated a guidelines sentence since the recommended sentence was the minimum prison months set forth in the scoresheet.
Accordingly, the denial of the motion is reversed and the matter remanded for the trial court to determine Williams’ correct criminal history and whether that history supports a claim that his counsel was ineffective.
Reversed and remanded.
ALTENBERND, A.C.J., and CASANUEVA J., concur.