PER CURIAM.
Appellant, Ronald B. Spring, appeals from an order denying his Florida Rule of Criminal Procedure 3.800(a) motion for postconviction relief. We affirm in part and reverse in part.
Appellant claims, and the record reveals, that he was sentenced to terms of fifty years incarceration on at least two of the life felonies of which he was convicted. “When a court opts for a term of years instead of a life sentence for a life felony ... it may not impose a sentence longer than forty years.” Kellar v. State, 712 So.2d 1133, 1133 (Fla. 1st DCA 1998).
Further, Appellant alleges that he was sentenced to the statutory máximums on a third degree felony and a second degree felony, and that additional terms of probation were added on to the sentences of incarceration, resulting in total sentences in excess of the statutory maximum. Combined periods of incarceration and probation may not exceed the maximum period of incarceration provided by statute for the offense. State v. Holmes, 360 So.2d 380, 383 (Fla.1978).
As Appellant’s claims are not conclusively refuted by the record, we reverse and remand for further proceedings consistent with this opinion. We affirm, without discussion, Appellant’s first, fourth, fifth, and sixth, claims for relief.
ERVIN, DAVIS and VAN NORTWICK, JJ, concur.