997 So.2d 424 (2008)
Michael R. FRANKE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-299.
District Court of Appeal of Florida, Second District.
October 22, 2008.
Rehearing Denied January 9, 2009.
*425 WHATLEY, Judge.
Michael Franke appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse in part and affirm in part.
Franke was charged with four offenses alleged to have been committed on February 13, 1993. Only three of the offenses are at issue in the present appeal: attempted first-degree murder with a firearm, armed robbery, and armed burglary. After entering a negotiated plea, Franke was sentenced to fifty years' imprisonment on each of the three charges, with a three-year mandatory minimum on each charge for use of a firearm. See § 775.087(2), Fla. Stat. (1991). The sentences were imposed to run concurrently. Additionally, he was designated a habitual violent felony offender (HVFO) as to the armed robbery and armed burglary, and a fifteen-year mandatory minimum sentence was imposed for each charge. Franke did not file a direct appeal of his judgment and sentence. In the present case he filed a rule 3.800(a) motion raising several claims, all of which the postconviction court denied.
Franke first alleged that the sentence for the attempted first-degree murder with a firearm is illegal because the sentencing options for a life felony[1] at the time of his offense were either life imprisonment or a maximum term of forty years. Franke is correct. See § 775.082(3)(a), Fla. Stat. (1991) (listing these options); see also Stephens v. State, 627 So.2d 543, 544 (Fla. 2d DCA 1993) ("When the trial court opts for a term of years instead of a life sentence [for a life felony], it may not impose a sentence longer than forty years."). Moreover, not even a plea agreement can support an illegal sentence. McDuffie v. State, 946 So.2d 99, 100 (Fla. 2d DCA 2006). Because the postconviction court erred in denying this claim, we reverse for the court to resentence Franke for the count of attempted first-degree murder with a firearm; the sentence may not exceed forty years.
Franke alleged the same claim with respect to his sentences for armed robbery and armed burglary; that is, he argued that the fifty-year sentences are illegal *426 because they were reclassified to life felonies due to the use of a firearm, § 775.087(1)(a), and thus subject to either life imprisonment or a forty-year maximum sentence. In fact, however, the sentencing documents reflect no reclassification. Indeed, the trial court could not have reclassified the offenses because the use of a firearm is an essential element of each of them. See § 775.087(1); State v. Tripp, 642 So.2d 728, 730 n. 2 (Fla. 1994) (attempted armed robbery); Harris v. State, 766 So.2d 403, 404 (Fla. 2d DCA 2000) (armed burglary). Rather, the sentences were imposed based on the statutory definitions of each offense as a first-degree felony punishable by life, §§ 812.13(2)(a), § 810.02(b), which is distinct from a life felony, see James v. State, 775 So.2d 347, 348 (Fla. 1st DCA 2000) (citing Burdick v. State, 594 So.2d 267, 268-69 (Fla.1992)). We therefore affirm the postconviction court's denial of this claim.
Franke raised an additional claim with respect to the armed robbery and armed burglary charges: that because in his view they are life felonies, they were not subject to habitualization. As just noted, the two offenses are first-degree felonies punishable by life. A first-degree felony is subject to habitualization. § 775.084(4)(a)(1); see also Harris v. State, 593 So.2d 301, 301 (Fla. 2d DCA 1992) (noting that a "first degree felony, no matter what the punishment imposed by the substantive law that condemns the particular criminal conduct involved, is still a first degree felony and subject to enhancement by Section 775.084(4)(a)(1), Florida Statutes" (citation and internal quotation marks omitted)). Therefore, there was no error as to habitualization. We affirm the postconviction court's denial of this claim.
Finally, Franke claims that the "general notice of intent" of habitualization served on him was constitutionally infirm because it did not specify which category of habitualization the State would be seeking. The postconviction court properly denied this claim, and we affirm. See Judge v. State, 596 So.2d 73, 77-78 (Fla. 2d DCA 1991) (concluding that the issue of whether there was a failure to give notice of intent to seek a habitual offender sanction is not properly raised in a rule 3.800(a) motion).
In sum, we reverse only as to the sentence imposed on the count of attempted first-degree murder with a firearm.
Reversed in part and remanded with instructions; affirmed in part.
FULMER and LaROSE, JJ., Concur.
NOTES
[1] Attempted first-degree murder, §§ 782.04(1)(a), 777.04(1), (4)(a), with a firearm is a life felony due to the firearm enhancement of section 775.087(1)(a). See Strickland v. State, 437 So.2d 150, 152 (Fla. 1983).