WRIGHT, WILLIAM L., Associate Judge,
concurring.
I concur in the majority’s decision to remand for resentencing pursuant to Miller v. Alabama, — U.S. -, -, 132 S.Ct. 2455, 2468, 183 L.Ed.2d 407 (2012). I also agree with Judge Wolfs concurring opinion in Washington v. State, 103 So.3d 917 (Fla. 1st DCA 2012) that some guidance should be given to trial judges facing resentencing decisions.
I do not agree with the State’s position that statutory revival now requires the trial judge to resentence appellant to life in prison without the possibility of parole for 25 years. See, § 775.082(1), Fla. Stat. (1993). I again agree with Judge Wolf that this procedure would violate the separation of powers provisions of the Florida Constitution. See art. II, sec. 3, Fla. Const. Further, I think such a procedure would violate the spirit of Miller due to Miller’s emphasis on the availability of discretion by the trial judge. “We require it (sentencer) to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Miller, 132 S.Ct. at 2469. Miller does allow the trial court to resentence appellant to a life sentence, but those occasions for the ultimate penalty “will be uncommon.” Id.
A judge who encounters a Miller sentencing or resentencing should conduct a separate hearing before sentencing, allow presentations by the State and the defense, and then decide if a life without parole sentence is indicated. This hearing should be guided by the teaching in Miller and by §§ 985.556 and 985.565, Fla. Stat. (2010). These provisions require a juvenile judge to consider certain factors in determining whether to waive a juvenile to adult court and whether to impose adult or juvenile sanctions on a juvenile prosecuted as an adult. Some of the factors to be considered include the following:
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, with greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the offender.
5. The record and previous history of the offender, including:
a. Previous contacts with the Department of Corrections, the Department of *665 Juvenile Justice, the former Department of Health and Rehabilitative Services, the Department of Children and Family Services, law enforcement agencies, and the courts.
b. Prior periods of probation.
c. Prior adjudications that the offender committed a delinquent act or violation of law as a ehild[, greater weight being given if the child has previously been found by a court to have committed a delinquent act or violation of law involving an offense classified as a felony or has twice previously been found to have committed a delinquent act or violation of law involving an offense classified as a misdemeanor.]
d. Prior commitments to the Department of Juvenile Justice, the former Department of Health and Rehabilitative Services, the Department of Children and Family Services, or other facilities or institutions.
6. The prospects for adequate protection of the public and the likelihood of deterrence and reasonable rehabilitation of the offender [by the use of procedures, services, and facilities currently available to the court.]
985.565, Fla. Stat.; 985.556(4)(e)7.c., 8., Fla. Stat. (2010) (bracketed language).
The sentencing court should order a pre-sentence investigation and a pre-dispo-sition report from the Department of Juvenile Justice. After careful review, the judge may choose to make written findings to substantiate a sentence of life without parole. If a life without parole sentence is not justified, then the judge may sentence the offender to any period of years up to forty years. See Kellar v. State, 712 So.2d 1133 (Fla. 1st DCA 1998).