NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NATHAN S. THORNTON,               )
                                  )
          Appellant,              )
                                  )
v.                                )          Case No. 2D18-1524
                                  )
STATE OF FLORIDA,                 )
                                  )
          Appellee.               )
_____   )

Opinion filed July 24, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

Nathan S. Thornton, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Michael Schaub, Assistant
Attorney General, Tampa, for Appellee.


BLACK, Judge.

          Nathan S. Thornton challenges the order denying his motion to correct an

illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  Because

the record establishes that Thornton's sentences for sexual battery with a deadly

weapon are illegal, we reverse.

On March 26, 1991, Thornton pleaded guilty to sexual battery with a deadly weapon in three separate cases as part of a global plea deal to resolve nine cases.  Pursuant to the plea agreement, Thornton's collective term of imprisonment was to be capped at 100 years.  As relevant here, at Thornton's sentencing, the trial court imposed concurrent ninety-year sentences on the three sexual battery convictions.

In his motion to correct illegal sentence, Thornton contended that because the sexual batteries were life felonies but life sentences were not imposed, the maximum sentence for each offense was forty years.  See § 775.082(3)(a), Fla. Stat. (1989) ("[F]or a life felony committed on or after October 1, 1983, [a defendant may be sentenced to] a term of imprisonment for life or [to] a term of years not exceeding 40 years." (emphasis added)).  Thornton acknowledged that correction of his sentences would not affect his release date, but he asserted that if the sentences were corrected he would be eligible for various programs offered by the Department of Corrections.  Upon review of Thornton's motion, the postconviction court ordered the State to respond to Thornton's allegations.

In its response, the State contended that Thornton had entered his plea to the various charges with the understanding that he would receive a total of ninety years in prison.  The State also noted that based on docket entries for which there are no records, sometime between October 1992 and June 1993 Thornton filed a motion to correct his sexual battery sentences.  On October 29, 1993, the postconviction court entered an order finding that Thornton had withdrawn his motion but stating that Thornton would be permitted to bring his motion at a future date in the event there was a change in the law.  The order provided that the then-current law did not bar the court

from correcting the sentences by imposing consecutive sentences to reach a collective term of ninety years in prison.

Thornton filed a second motion to correct illegal sentence in 1996, which, according to the State, also raised this issue. The court minutes from the hearing on the motion reflect that the postconviction court reminded Thornton that the court was not barred from imposing his sentences consecutively and that Thornton requested appointment of counsel. The record reflects that counsel was appointed but that nothing further was done on the motion. No records demonstrate that there was ever a ruling on the motion.

The current motion was filed in November 2014, and no action was taken on it until Thornton refiled the motion in November 2017. In its response to the motion, the State argued that the motion should be denied because Thornton could be resentenced to a collective term of ninety years in prison through the imposition of consecutive sentences. The State relied exclusively on Martinez v. State, 216 So. 3d 734 (Fla. 4th DCA 2017) (en banc), where the Fourth District affirmed the denial of a successive rule 3.800 motion: "Having determined that the trial court properly decided that the defendant's second rule 3.800(a) motion was collaterally barred as successive and there is no manifest injustice to the sentence imposed for count one, we affirm the trial court's denial of relief." Id. at 740-41. The State also asserted, without citation or support, that Thornton's stipulation in 1993 that he would be permitted to bring another rule 3.800 motion raising this issue "in the event that the state of the law changes" prevents him from bringing the current motion because the law has not changed.

The postconviction court denied Thornton's motion, restating the

procedural history of the case, finding that Thornton "is estopped from rearguing the same issue raised in a prior rule 3.800 motion," and citing State v. McBride, 848 So. 2d 287, 291 (Fla. 2003), and Martinez. It is that order from which Thornton appeals.

The State maintains that the postconviction court properly denied Thornton's motion. In doing so, the State points to Thornton's multiple attempts to have the issue resolved, yet acknowledges that each attempt "failed due to [Thornton] either withdrawing the motion or failing to pursue it." The State also notes that Thornton's overall term of imprisonment is unlikely to change because the court can impose legal sentences structured in such a way as to reach a collective ninety-year term of imprisonment. However, none of the State's arguments in favor of affirming the postconviction court's ruling suggest that the sentences actually imposed and at issue— individual ninety-year sentences on life felonies—are legal.

Although the court found that Thornton was estopped from raising the same claim he had previously raised, "[a] postconviction court should not dismiss a claim as successive unless it was the specific issue raised by the prior motion and denied on the merits." See Williams v. State, 244 So. 3d 1173, 1175 (Fla. 2d DCA 2018). And rule 3.800(a)(2) provides that "[a] court may dismiss a second or successive motion if the court finds that the motion fails to allege new or different grounds for relief and the prior determination was on the merits." Thus, rule 3.800(a)(2) reiterates the doctrine of collateral estoppel. Here, although Thornton has previously

raised the issue, it has not been determined on its merits. Thornton is therefore not estopped from raising the claim and obtaining a merits ruling.[1]

Additionally, the cases cited by the postconviction court, McBride and Martinez, support our conclusion that Thornton is not barred from having his motion considered. The issue in Martinez was not whether the sentences were illegal but whether their admitted illegality resulted in a manifest injustice. 216 So. 3d at 736-37. Likewise, McBride addressed the manifest injustice standard. 848 So. 2d at 291-92. Whether a manifest injustice has been proven is not the issue in our case as Thornton has yet to receive a judicial determination on the legality of his ninety-year sentences.

Pursuant to section 794.011(3), Florida Statutes (1989), sexual battery with a weapon is a life felony. And section 775.082(3)(a) provides that a defendant convicted of "a life felony committed on or after October 1, 1983, [may be sentenced to] a term of imprisonment for life or [to] a term of imprisonment not exceeding 40 years." "When the trial court opts for a term of years instead of a life sentence [for a life felony], it may not impose a sentence longer than forty years." Stephens v. State, 627 So. 2d 543, 544 (Fla. 2d DCA 1993) (first citing Sterling v. State, 584 So. 2d 626, 627 (Fla. 2d DCA 1991); and then citing Greenhalgh v. State, 582 So. 2d 107, 108 (Fla. 2d DCA 1991)). This court and others have repeatedly held that term-of-years sentences in excess of forty years on life felonies are illegal and that such sentencing errors are correctible via rule 3.800(a) motion. See Franke v. State, 997 So. 2d 424, 425 (Fla. 2d

---

[1]We are unpersuaded by and have found no support for the argument that Thornton is estopped from raising the issue because he withdrew a prior motion and stipulated that he would not bring the claim again unless the law allowing him to be sentenced to a combined ninety years in prison changed.

DCA 2008); McDuffie v. State, 946 So. 2d 99, 100 (Fla. 2d DCA 2006); see also Jordan v. State, 28 So. 3d 929, 930-31 (Fla. 3d DCA 2010) (reversing denial of rule 3.800(a) motion because sentence of sixty years was illegal where statute provided that the maximum sentence for a life felony was a term of imprisonment not to exceed forty years); Ramos v. State, 931 So. 2d 1023, 1024 (Fla. 3d DCA 2006) (reversing denial of rule 3.800(a) motion where "fifty-year sentences were illegal with respect to the life felonies to which he pled guilty"). That Thornton's sentences were part of a plea agreement is inconsequential. See Sedell v. State, 224 So. 3d 885, 886-87 (Fla. 2d DCA 2017) ("[A] defendant is entitled to relief on a rule 3.800(a) motion when an illegal sentence results from a negotiated plea."). Thornton's sentences are illegal; life sentences were not imposed and the ninety-year sentences exceed the maximum forty-year term. See Franke, 997 So. 2d at 425; McDuffie, 946 So. 2d at 100; Stephens, 627 So. 2d at 544; Sterling, 584 So. 2d at 627.[2]

While Thornton's ninety-year sentences are illegal, on remand it is within the trial court's discretion to impose legal term-of-years sentences consecutively to reach a collective ninety-year term of imprisonment. Thornton has acknowledged that possibility but has expressed a desire for resentencing in order to allow him to benefit from DOC programs not currently available to him.

---

[2]As Thornton's sentence was not based upon the Criminal Punishment Code (CPC), nor does he raise an issue related to his scoresheet, we need not address the statute permitting sentences to exceed the statutory maximum where the lowest permissible sentence on the scoresheet exceeds the statutory maximum. See § 921.0024(2), Fla. Stat. (1998) (stating that when "the lowest permissible sentence under the [CPC] exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the [CPC] must be imposed"); cf. Champagne v. State, 44 Fla. L. Weekly D1074 (Fla. 2d DCA Apr. 24, 2019).

We reverse the postconviction court's order denying Thornton's motion and remand for Thornton to be resentenced on the three sexual battery convictions. The sentences may not individually exceed forty years.

Reversed and remanded with instructions.


KELLY and VILLANTI, JJ., Concur.