PER CURIAM.
We affirm appellant’s convictions for sexual battery, aggravated battery, and trespass. However, the trial court improperly required appellant to serve a minimum mandatory term of thirty years of his life sentence for the sexual battery. § 775.-082(3)(a), Fla.Stat. (1981). The court also failed to provide reasons for retaining jurisdiction over appellant’s sentence. The court must either relinquish its retention of jurisdiction over one-third of the sentence or state its justification for retention with individual particularity, as required by Section 947.16(3)(a), Florida Statutes (1981). Hernandez v. State, 421 So.2d 1102 (Fla. 2d DCA 1982). Finally, since appellant was adjudged indigent, the court improperly assessed him $70 in court costs and $10 to be paid to the Crimes Compensation Trust Fund. That portion of the judgment is stricken. Ortiz v. State, 420 So.2d 923 (Fla. 2d DCA Oct. 22,1982); Brown v. State, 400 So.2d 510 (Fla. 2d DCA 1981); Engle v. State, 407 So.2d 641 (Fla. 2d DCA 1981).
Accordingly, appellant’s convictions are affirmed, but the cause is remanded with directions to correct his judgment and sentence in accordance with this opinion.
BOARDMAN, A.C.J., and SCHEB and SCHOONOVER, JJ., concur.