489 So.2d 1219 (1986)
Robert W. CAHILL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1734.
District Court of Appeal of Florida, Second District.
June 11, 1986.
*1220 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Robert W. Cahill appeals his sentence following our affirmance of his judgment and reversal of his sentence in Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985). We again reverse for resentencing.
At his resentencing hearing on June 28, 1985, Cahill chose not to be sentenced under the guidelines and was sentenced to ninety-nine years for kidnapping. The trial court retained jurisdiction over the first one-third of the sentence. On appeal Cahill contends that the trial court erred by failing to state with individual particularity the reasons for retaining jurisdiction. We agree and reverse.
The only reason given by the court for retaining jurisdiction was this statement on the sentence: "Defendant has prior criminal activity." This is not a sufficient reason to retain jurisdiction over the jail sentence of a criminal defendant. It does not satisfy the requirement of section 947.16(4)(a), Florida Statutes (1985), for individual particularity. Sims v. State, 487 So.2d 37 (Fla. 2d DCA 1986); Wright v. State, 425 So.2d 64 (Fla. 2d DCA 1983); Robinson v. State, 458 So.2d 1132 (Fla. 4th DCA 1984).
We reverse for resentencing at which time the trial court will either relinquish its retention of jurisdiction over one-third of the sentence or state its justification for retention with individual particularity as required by the statute.
RYDER, C.J., and SCHOONOVER, J., concur.