GRIFFIN, Judge.
The State of Florida appeals an order granting a motion to suppress. We reverse.
*120 On April 21, 1992, at approximately 1:30 a.m., Rolando Ramirez (“Ramirez”) was stopped for speeding on 1-95 in Brevard County, Florida. Ramirez was accompanied by a passenger, Angel Luis Maestre, and was driving a vehicle owned by a third party. Trooper Brown, who conducted the stop, asked for his driver’s license and registration, and inquired about his travel plans. Ramirez, who speaks somewhat broken English, first told Trooper Brown that he was going “to Florida”, then indicated he was coming from Orlando, and he finally told the trooper he was driving from Miami to New York. Maestre told the trooper that he did not know where they had been or where they were going. During the stop, Ramirez seemed nervous, paced back and forth, and would not make eye contact with the trooper.
Trooper Brown became suspicious that Ramirez was trafficking in illegal drugs and asked Ramirez to consent to a search of the vehicle. Ramirez refused to sign a written consent, but agreed to let the trooper “look in the vehicle.” Ramirez and Maestre then stood off to the side with Trooper Traylor, a backup trooper who had just arrived on the scene,[1] while Trooper Brown conducted a search. During the search, Trooper Brown observed that a panel in the dashboard above the glove compartment was ajar. He was able to pull it back a little bit and he could see that a compartment had been made inside that section. He could see “something” but could not see what it was. As it happened, Trooper Brown, a 14-year veteran with the highway patrol, was unusually knowledgeable about the design, construction and use of secret compartments in automobiles for drug transport. Indeed, he even taught a course entitled “Concealed Compartments”. Trooper Brown knew the area where he found the loose panel was a “common area” for such concealed compartments. Given the other circumstances that had caused him to suspect Ramirez and Maestre were transporting drugs, he believed he had found a secret compartment for carrying drugs. Using a screwdriver, he pried open the panel and found a specially fabricated electronically activated secret compartment behind the dashboard above the glove compartment. In the compartment was approximately one kilogram of cocaine.
The lower court found that Ramirez had consented to the search but that the scope of the consent had been exceeded when the trooper “broke” the car. The court also found there was no probable cause to do so in the absence of consent.
We reverse based on Jones v. State, 592 So.2d 363 (Fla. 5th DCA 1992), which is quite similar to the present case, and controls the outcome. The facts and circumstances outlined, which were discovered by the officer during the course of the stop and the consensual search, were enough to give this officer, in light of his expertise, probable cause to use the screwdriver to pry open the panel to determine whether there was a secret compartment concealing drugs where he suspected it to be.
REVERSED and REMANDED.
GOSHORN and DIAMANTIS, JJ., concur.

. Although Trooper Traylor had a drug dog with him, the troopers did not have the dog sniff for the presence of narcotics.