782 So.2d 980 (2001)
Otis Frank WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4800.
District Court of Appeal of Florida, First District.
April 12, 2001.
Appellant Otis Frank Williams, pro se, Crawfordville.
*981 Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
KAHN, J.
Otis Frank Williams appeals the circuit court's denial of his Motion to Correct Illegal Sentence. Williams raised numerous claims in his motion, and we find that one of those claims has merit. Accordingly, we reverse and remand for appropriate relief.
In 1980, a jury convicted Williams of sexual battery while armed, a life felony, in violation of section 794.011(3), Florida Statutes (1979). The court sentenced him to "State Prison for the remainder of your natural life (not less than 30 years)." In his motion, Williams argued that the court could not sentence him to both life and not less than 30 years, and he cited, in support of his claim, Wright v. State, 425 So.2d 64 (Fla. 2d DCA 1982). The circuit court rejected this argument, finding that Williams was not sentenced to two punishments on this charge, but rather he received a sentence of life in prison with the requirement that he serve no less than 30 years.
Section 775.082(3)(a), Florida Statutes (1979), provided punishment for a life felony by "a term of imprisonment for life or for a term of years not less than 30." In Wright v. State, the court affirmed appellant's convictions for sexual battery, aggravated battery, and trespass, but remanded for correction of his sentence because "the trial court improperly required appellant to serve a minimum mandatory term of thirty years of his life sentence for the sexual battery." Wright, 425 So.2d at 65. Likewise, in this case, the sentencing court improperly imposed a 30-year minimum mandatory term. Although the life felony statute gave the trial judge an option to impose either a life sentence or a term of years of not less than 30, it did not authorize a minimum mandatory term. Therefore, Williams' sentence is illegal, and the circuit court erred in denying this claim. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998) ("A sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal.'").
REVERSED and REMANDED.
BOOTH and VAN NORTWICK, JJ., concur.