817 So.2d 951 (2002)
Kenneth James KENDRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-961.
District Court of Appeal of Florida, Second District.
May 24, 2002.
Kenneth James Kendrick, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Kenneth James Kendrick challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without discussion, all but one of Mr. Kendrick's grounds for relief. On the one ground, we reverse Mr. Kendrick's habitual violent felony offender sentence for attempted sexual battery with a deadly weapon and remand for resentencing on that count only.
Mr. Kendrick was convicted after jury trial of three counts of a four-count information. He was sentenced to concurrent life sentences as a habitual violent felony offender on the kidnaping[1] and attempted *952 sexual battery with a deadly weapon convictions. A fifteen-year minimum mandatory was also imposed consecutively on each count. However, the written judgment and sentence erroneously indicates that the attempted sexual battery with a deadly weapon is a first-degree felony when it is in fact a second-degree felony. Holland v. State, 681 So.2d 308 (Fla. 5th DCA 1996). The maximum sentence that Mr. Kendrick can receive as a habitual violent felony offender for a second-degree felony is thirty years' imprisonment with a ten-year minimum mandatory. § 775.084(4)(b)(2), Fla. Stat. (1993). Mr. Kendrick's sentence of life imprisonment with a fifteen-year minimum mandatory is therefore an illegal sentence because it is one that is not authorized by statute.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, WHATLEY, and CASANUEVA, JJ., concur.
NOTES
[1] The kidnaping offense is a first-degree felony punishable by life and, as such, was subject to habitualization under the statute in effect at the time of the commission of the offenses. See Burdick v. State, 594 So.2d 267 (Fla.1992).