853 So.2d 590 (2003)
Henry L. FILLYAW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-923.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The three-year minimum mandatory provision imposed in connection with the defendant's sentence for aggravated assault on a law enforcement officer is affirmed on the authority of Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002). Accord Green v. State, 832 So.2d 199 (Fla. 4th DCA 2002), Jones v. State, 27 Fla. L. Weekly D2377, ___ So.2d ___, 2002 WL 31431541 (Fla. 5th DCA Nov.1, 2002). We certify conflict with Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003).
We additionally note the erroneous reference on the sentencing order to section 775.087(2), Florida Statutes. We remand the cause to the trial court for correction of this scrivener's error to reference section 784.07(2)(c), Florida Statutes. See Solomon v. State, 705 So.2d 144 (Fla. 4th DCA 1998) (holding where scrivener's error is apparent from record, cause should be remanded for correction of sentencing order).
AFFIRMED; CONFLICT CERTIFIED; CAUSE REMANDED.
PLEUS and MONACO, JJ., concur.
SAWAYA, C.J., concurs specially, with opinion.
SAWAYA, C.J., concurring specially.
Although I concur in the majority's decision to affirm, I do so with the utmost reluctance and write to express my reservations and the reasons for my concurrence. In my view, Chapter 02-209, Laws of Florida, which provides for the imposition of a minimum mandatory sentence for the offense of aggravated assault on a law enforcement officer, should not be applied retroactively. However, decisions from this court, which I very respectfully suggest were wrongly decided, say that the statute may be applied retroactively. See Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002) (on grant of rehearing); see *591 also Carlson v. State, 27 Fla. L. Weekly D2162, ___ So.2d ___, 2002 WL 31202145 (Fla. 5th DCA Oct.4, 2002). Hence the reason for my reservations and my reluctant concurrence.
Chapter 02-209, Laws of Florida, has its genesis in the unconstitutional enactment of Chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain offenses. Specifically, section 4 of chapter 99-188 purported to amend section 784.07(2)(c), Florida Statutes (1997), to require imposition of mandatory minimum prison terms for the offense of aggravated assault on a law enforcement officer. However, in Hersey, this court agreed with the holding in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), that chapter 99-188 was unconstitutional because it violated the single subject rule of the Florida Constitution. Had this been the end of things, there would have been no question but that Fillyaw's sentence for aggravated assault on a law enforcement officer could not include a mandatory minimum provision. However, it was not.
As observed by the court in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), the Legislature responded in 2002 to Hersey and Taylor by enacting chapters 02-208, 02-209, 02-210, 02-211, and 02-212, Laws of Florida, to reenact the provisions originally contained in chapter 99-188, but in such a way as not to run afoul of the single subject rule. The 2002 enactments were expressly made retroactive to July 1, 1999. Of specific importance to the instant case is Chapter 02-209, section 2's reenactment of section 4 of Chapter 99-188, which amended section 784.07(2)(c) to require imposition of mandatory minimum prison terms for the offense of aggravated assault on a law enforcement officer. Because of the retroactive application of the reenactment, a mandatory minimum provision was included on Fillyaw's sentence for aggravated assault on a law enforcement officer. In my view, the retroactive application of Chapter 02-209 is an impermissible violation of the Ex Post Facto Clauses of the federal and Florida constitutions that would entitle Fillyaw to the relief he requests but for prior case law out of this court, although I acknowledge that there is a split of authority among the district courts on this issue.
To say there is a lack of consistency in Florida law regarding whether chapter 99-188 was unconstitutional and whether the subsequent legislative reenactments may be applied retroactively is, perhaps, a gross understatement. As to the issue whether Chapter 99-188 violates the single subject requirement, the First and Third District Courts say it does not. Watson v. State, 842 So.2d 275 (Fla. 1st DCA 2003); State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003). The Second and the Fifth District Courts, on the other hand, say that it does. Hersey; Taylor. Moreover, among those courts that say it does, there is disagreement whether the reenactment legislation may be applied retroactively. The Second District Court says it may not. Green (holding that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions). This court says it may be retroactively applied. Hersey; Carlson. The Fourth District has followed this court. Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002) (citing Hersey).
If not for this court's decisions in Hersey, Carlson, and their progeny, I would hold that Fillyaw's sentence should be reversed and this case remanded for resentencing pursuant to section 784.07(2)(c), Florida Statutes (1997), which does not *592 provide for imposition of a mandatory minimum prison sentence. In Hersey, this court held in accordance with the decision in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), that "the enactment of chapter 02-210, Laws of Florida, cured chapter 99-188's constitutional infirmity" and "applie[d] retroactively." Hersey, 831 So.2d at 680. Subsequently, in Jones v. State, 828 So.2d 410 (Fla. 5th DCA 2002), this court, on the basis of the unconstitutionality of Chapter 99-188, reversed and remanded for resentencing a sentence that included a three-year mandatory minimum term that had been imposed in accordance with section 784.07(2)(c). However, that opinion was withdrawn and, on the authority of Hersey, another opinion was rendered that affirmed the sentence. Jones v. State, 27 Fla. L. Weekly D2377, ___ So.2d ___, 2002 WL 31431541 (Fla. 5th DCA Nov.1, 2002) (Jones II). I respectfully disagree that chapter 02-209, Laws of Florida, should be applied retroactively because to do so violates the Ex Post Facto Clauses of the federal and Florida constitutions. In my view, Hersey, Carlson, and Jones II were wrongly decided.
This court's rationale in Hersey for applying the decision in Dobbert to justify the retroactive application of chapter 02-210, Laws of Florida, was more fully explained in Carlson:
In Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), the United States Supreme Court held that the "operative fact" that a statute existed, even if such statute was subsequently determined to be unconstitutional, was sufficient to put appellant on notice of what the State intended to do under the circumstances. The fact that the State ultimately corrected the defect in the legislation to require exactly that which it had invalidly required earlier and then mandated a retroactive application of the amendment does not, according to Dobbert, violate the ex post facto provision of the United States Constitution.
Carlson, 27 Fla. L. Weekly at D2162-63, ___ So.2d at ___.
The problem I have with application of Dobbert to justify retroactive application of the reenacted legislation stems from the Florida Supreme Court's pronouncement in Heggs v. State, 759 So.2d 620, 630-31 (Fla.2000), that a single subject violation by the Legislature renders an enactment void. Like the court in Green, I have a very difficult time accepting the notion that the Dobbert "operative fact" rationale, which essentially provides that the very existence of an unconstitutional statute provides notice to the defendant of the penalties that the State would seek to impose upon conviction, applies to a void enactment such as chapter 99-188, Laws of Florida. Moreover, chapter 99-188 effected a substantive change in the law whereas in Dobbert, the court was concerned with retroactive application of a statute that effected a procedural change.[1] For these reasons, I agree with the rationale adopted by the court in Green that retroactive application of the legislative reenactments of the provisions of chapter 99-188, which include chapter 02-209, could not occur without violating the Ex Post Facto Clauses of the federal and Florida constitutions.
Both the United States Constitution and the Florida Constitution prohibit enactment *593 of laws that increase the punishment for a criminal offense after the crime has been committed. See U.S. Const. art. I, § 10 ("No State shall ... pass any ... ex post facto Law...."); Art. I, § 10, Fla. Const. ("No ... ex post facto law ... shall be passed."). In my view, the inquiry here should be whether the sentence imposed on Fillyaw via the retroactively applied enactment increases the punishment for the crime he committed. Fillyaw is charged with aggravated assault on a law enforcement officer in violation of section 784.07(2)(c). Pursuant to the retroactively applied reenactment, Fillyaw received a sentence that included a minimum mandatory prison sentence of three years that was not required under the prior version of the statute. Hence, Fillyaw did receive a more severe punishment under the reenacted statute in violation of the Ex Post Facto Clauses of both the Florida and federal constitutions. Therefore, I believe that Fillyaw is entitled to the relief he requested in his motion for postconviction relief. See Barber v. State, 849 So.2d 361, 362 (Fla. 2d DCA 2003) ("A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record."); McCabe v. State, 844 So.2d 703 (Fla. 2d DCA 2003); Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Nevertheless, although I believe that Hersey, Carlson, and Jones II were wrongly decided and an ex post facto violation has occurred here, I must apply those decisions as binding precedent to the instant case. Therefore, I reluctantly vote to affirm.
The State contends that Fillyaw is not entitled to the relief he requested in his motion for postconviction relief because he entered a plea and received the sentence he bargained for. Although constitutional rights and protections may be waived pursuant to a plea agreement,[2] a defendant cannot be bound by an agreement to accept an illegal sentence.[3] Imposition of a minimum mandatory sentence that is not authorized by statute is an illegal sentence.[4] Therefore, in my view the plea agreement does not form a basis for affirmance.
NOTES
[1] Generally, a procedural change applied retroactively, such as a change in the roles of the court and jury in sentencing similar to that addressed in Dobbert, does not offend the Ex Post Facto Clause. See Weaver v. Graham, 450 U.S. 24, 32 n. 17, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (citing Dobbert); see also Lynce v. Mathis, 519 U.S. 433, 447 n. 17, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).
[2] See Lebron v. State, 799 So.2d 997, 1019 (Fla.2001) ("While this Court has held that a defendant can waive ex post facto protections as part of an agreed-upon bargain by both parties ....") (citing Bowles), cert. denied, 535 U.S. 1036, 122 S.Ct. 1794, 152 L.Ed.2d 652 (2002); Bowles v. Singletary, 698 So.2d 1201 (Fla.1997).
[3] See Shelton v. State, 739 So.2d 1235 (Fla. 4th DCA 1999); Cheney v. State, 640 So.2d 103, 105 (Fla. 4th DCA 1994); Dyer v. State, 629 So.2d 285, 286 (Fla. 5th DCA 1993); Stephens v. State, 627 So.2d 543, 544 (Fla. 2d DCA 1993).
[4] Kendrick v. State, 817 So.2d 951 (Fla. 2d DCA 2002); Williams v. State, 782 So.2d 980 (Fla. 1st DCA), review denied, 805 So.2d 811 (Fla.2001); Smith v. State, 654 So.2d 264 (Fla. 2d DCA 1995) (holding that there must be statutory authority for imposition of minimum mandatory sentence); see also Carter v. State, 786 So.2d 1173, 1181 (Fla.2001) ("[A] sentence is `illegal' if it `imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances'....") (quoting Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999)).