872 So.2d 938 (2004)
Richard JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2775.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David H. Foxman and Anthony J. Golden, Assistant Attorneys General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING EN BANC
SAWAYA, C.J.
The motion for rehearing en banc filed by the appellant, Richard Jones, is hereby granted.
*939 We withdraw our previously issued opinion and substitute the following in its place. When he was originally sentenced, Jones received mandatory minimum sentences for two counts of aggravated battery on a law enforcement officer. These offenses were committed in February 2000, before the effective date of Chapter 02-209, Laws of Florida, which provides for the imposition of a mandatory minimum sentence for each of the offenses Jones committed. The issue in this appeal is whether the provisions of chapter 02-209 should be retroactively applied. Decisions from this court originally resolved this issue by holding that the statute may be applied retroactively. See Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002) (on grant of rehearing); see also Carlson v. State, 27 Fla. L. Weekly D2162 (Fla. 5th DCA Oct.4, 2002).[1] We believe it is time to acknowledge the error of that ruling. Accordingly, Jones' sentences are reversed and this case is remanded for resentencing pursuant to section 784.07(2)(c), Florida Statutes (1997), which does not provide for imposition of a mandatory minimum prison sentence. We will now explain why we have come to the conclusion that our original ruling regarding the retroactive application of chapter 02-209 is erroneous.
Chapter 02-209, Laws of Florida, has its genesis in the unconstitutional enactment of Chapter 99-188, which provided for the imposition of mandatory minimum prison sentences for certain offenses. Specifically, section four of chapter 99-188 purported to amend section 784.07(2)(c), Florida Statutes (1997), to require imposition of a mandatory minimum prison term for the offense of aggravated assault on a law enforcement officer. However, when this court decided Hersey, we agreed with the holding in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), that chapter 99-188 was unconstitutional because it violated the single-subject rule of the Florida Constitution.[2] We continue to adhere to that part of our original decision in Hersey that, based on Taylor, Chapter 99-188, Laws of Florida, was unconstitutionally enacted in violation of article III, section 6 of the Florida Constitution. Had this been the end of things, there would have been no question but that Jones' sentences for the two counts of aggravated assault on a law enforcement officer could not include a mandatory minimum provision. However, it was not.
As observed by the court in Green v. State, 839 So.2d 748 (Fla. 2d DCA), review granted by Franklin v. State, 854 So.2d 659 (Fla.2003), the Legislature responded to Hersey and Taylor in 2002 by enacting chapters 02-208, 02-209, 02-210, 02-211, and 02-212, Laws of Florida, to reenact the provisions originally contained in chapter 99-188, but in such a way as not to run afoul of the single-subject rule. The 2002 enactments were expressly made retroactive to July 1, 1999. Of specific importance to the instant case is Chapter 02-209, section two's reenactment of section four of Chapter 99-188, which amended section 784.07(2)(c) to require imposition of mandatory minimum prison terms for the offense of aggravated assault on a law enforcement officer. Because of the retroactive application of the reenactment, a mandatory minimum provision was included on Jones' sentence for aggravated assault on a law enforcement officer. We now hold that the retroactive application of *940 Chapter 02-209 is an impermissible violation of the Ex Post Facto Clauses of the federal and Florida constitutions that entitles Jones to the relief he requests. Hence, we now recede from that part of Hersey to the contrary.
To say there is a lack of consistency in Florida law regarding whether chapter 99-188 was unconstitutional and whether the subsequent legislative reenactments may be applied retroactively is, perhaps, a gross understatement. As to the issue whether Chapter 99-188 violates the single-subject requirement, the First, Third and Fourth District Courts of Appeal say it does not. Hernandez-Molina v. State, 860 So.2d 483 (Fla. 4th DCA 2003); Watson v. State, 842 So.2d 275 (Fla. 1st DCA 2003); State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), review granted, 854 So.2d 659 (Fla.2003). The Second District Court in Taylor, on the other hand, says that it does and as we have previously mentioned, we continue to adhere to that part of our prior decision in Hersey regarding this issue. Moreover, among those courts that say it does, there was disagreement whether the reenactment legislation may be applied retroactively. The Second District Court says it may not. Green (holding that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions). This court originally said it may be retroactively applied. Hersey. The Fourth District Court once followed this court. Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002) (citing Hersey). However, upon further reflection, it receded from its prior opinions that relied on this court's decision in Hersey and held that the sentencing provisions of chapter 99-188 may not be retroactively applied. Hernandez-Molina. We do likewise and eliminate our previous disagreement with Green regarding this issue.
A brief history of the procedural background of the instant case will be helpful. When this case first made its way to this court, the original panel decision, issued on September 27, 2002, followed the decision in Taylor and held that Chapter 99-188 violated the single-subject requirement and remanded the case for resentencing. Almost at the same time, this court rendered its decision in Hersey, which held in accordance with the decision in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), that "the enactment of chapter 02-210, Laws of Florida, cured chapter 99-188's constitutional infirmity" and "applie[d] retroactively." Hersey, 831 So.2d at 680. Subsequently, the original panel's decision in the instant case was withdrawn and, on the authority of Hersey, another opinion was rendered that affirmed the sentence. Jones v. State, 27 Fla. L. Weekly D2377 (Fla. 5th DCA Nov.1, 2002) (Jones II). Jones moved to have this court reconsider the decision in Jones II en banc, and a majority of the judges on this court decided to grant that request. So now we review Jones II en banc and determine, based on the Ex Post Facto Clauses of the federal and Florida constitutions, that chapter 02-209, Laws of Florida, should not be applied retroactively.
The problem with application of Dobbert to justify retroactive application of the reenacted legislation stems from the Florida Supreme Court's pronouncement in Heggs v. State, 759 So.2d 620, 630-31 (Fla.2000), that a single-subject rule violation by the Legislature renders an enactment void. Like the court in Green, we have difficulty accepting the notion that the Dobbert "operative fact" rationale, which essentially provides that the very existence of an unconstitutional statute provides notice to the defendant of the penalties that the State would seek to impose upon conviction, applies to a void enactment such as chapter 99-188, Laws of Florida.
*941 The factual background in Dobbert clearly shows why the notice rationale is inapplicable to statutory reenactments of original legislation that have been found to be unconstitutional based on single-subject violations. In Dobbert, the United States Supreme Court was called upon to review a death sentence that Ernest Dobbert had received for first-degree murder. At the time Ernest Dobbert committed the murder, Florida law required imposition of the death penalty unless the jury recommended a life sentence. Unfortunately for Ernest Dobbert, the jury did not see fit to show him mercy, and the trial court sentenced him to death. As Dobbert explains, after Ernest Dobbert committed the murder, but before he was sentenced, the Court rendered its decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which struck down Georgia's death penalty statute because it violated substantive portions of the United States Constitution. Relying on Furman, the Florida Supreme Court rendered its decision in Donaldson v. Sack, 265 So.2d 499 (Fla.1972), which recognized that pursuant to Furman, the death sentence was eliminated under Florida's then existing statutory scheme. Very shortly after Donaldson was rendered, the Florida Legislature in 1972 enacted Chapter 72 724, Laws of Florida, which amended sections 775.082 and 921.141, Florida Statutes. In essence, the new legislation created a new procedure for imposition of the death penalty that required the jury to hear evidence of aggravating and mitigating circumstances and then make a recommendation of either death or life to the trial judge, who would then bear the ultimate responsibility, after appropriate consideration of the jury's recommendation, to impose the sentence in the case based on his or her written findings. The constitutionality of these new procedures was upheld by the Florida Supreme Court in State v. Dixon, 283 So.2d 1 (Fla.1973), cert. denied by Hunter v. Florida, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), and by the United States Supreme Court in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
What is significant about the historical background of Dobbert is the fact that it involved a validly and constitutionally enacted statutory scheme regarding imposition of the death penalty that had been a part of Florida law long before Ernest Dobbert committed his murder. In Florida, the death penalty was eliminated pursuant to the Court's holding in Furman that a similar statutory scheme in Georgia violated substantive provisions of the United States Constitution. As the United States Supreme Court explained, Florida's death penalty law
clearly indicated Florida's view of the severity of murder and of the degree of punishment which the legislature wished to impose upon murderers. The statute was intended to provide maximum deterrence, and its existence on the statute books provided fair warning as to the degree of culpability which the State ascribed to the act of murder.
Dobbert, 432 U.S. at 297, 97 S.Ct. 2290. The Court further explained that "`[t]he actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored.'" Id. at 298, 97 S.Ct. 2290 (quoting Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 374, 60 S.Ct. 317, 84 L.Ed. 329 (1940)). Here, unlike Dobbert, we are reviewing legislation that was not constitutionally enacted. Hence, unlike the situation in Dobbert, the legislation we are considering in the instant case never "actually existed," was never "on the statute books," and was never a part of Florida law because its unconstitutional enactment rendered it void ab initio.
*942 Moreover, chapter 99-188 effected a substantive change in the law, whereas in Dobbert, the Court was concerned with retroactive application of a statute that effected a procedural change. The Court in Dobbert was very careful to emphasize this fact:
In the case at hand, the change in the statute was clearly procedural. The new statute simply altered the methods employed in determining whether the death penalty was to be imposed; there was no change in the quantum of punishment attached to the crime. The following language from Hopt v. Utah[, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262] supra, applicable with equal force to the case at hand, summarizes our conclusion that the change was procedural and not a violation of the Ex Post Facto Clause:
"The crime for which the present defendant was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt, all remained unaffected by the subsequent statute." 110 U.S., at 589-590, 4 S.Ct., at 210.
Dobbert, 432 U.S. at 293-94, 97 S.Ct. 2290. This fact is significant because generally, a procedural change applied retroactively, such as a change in the roles of the court and jury in sentencing similar to that addressed in Dobbert, does not offend the Ex Post Facto Clause. See Weaver v. Graham, 450 U.S. 24, 32 n. 17, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (citing Dobbert); see also Lynce v. Mathis, 519 U.S. 433, 447 n. 17, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).
The Court in Dobbert was also very careful to point out that the change in the law could not violate the Ex Post Facto Clause because it was beneficial to Ernest Dobbert. The Court stated:
In this case, not only was the change in the law procedural, it was ameliorative. It is axiomatic that for a law to be ex post facto it must be more onerous than the prior law.
....
Hence, viewing the totality of the procedural changes wrought by the new statute, we conclude that the new statute did not work an onerous application of an ex post facto change in the law.
Dobbert, 432 U.S. at 294, 296-97, 97 S.Ct. 2290. This fact is significant because both the United States Constitution and the Florida Constitution prohibit enactment of laws that increase the punishment for a criminal offense after the crime has been committed. See U.S. Const. art. I, § 10 ("No State shall ... pass any ... ex post facto Law...."); Art. I, § 10, Fla. Const. ("No ... ex post facto law ... shall be passed.").
In the instant case, unlike in Dobbert, the sentences imposed on Jones via the retroactively-applied enactment increase the punishment for the crimes he committed. Jones is charged with two counts of aggravated assault on a law enforcement officer in violation of section 784.07(2)(c). Pursuant to the retroactively-applied reenactment, Jones received sentences that included a mandatory minimum prison sentence of three years for each count that was not required under the prior version of the statute. Hence, Jones did receive a more severe punishment under the reenacted statute in violation of the Ex Post Facto Clauses of both the Florida and federal constitutions.
Parenthetically, we note that Jones entered a plea and apparently received the sentences for which he bargained. Although constitutional rights and protections may be waived pursuant to a plea agreement,[3] a defendant cannot be *943 bound by an agreement to accept an illegal sentence.[4] Imposition of a mandatory minimum sentence that is not authorized by statute is an illegal sentence.[5] Therefore, the plea agreement does not form a basis for affirmance.
For the reasons we have discussed, we agree with the rationale adopted by the Second District Court of Appeal in Green that retroactive application of the legislative reenactments of the provisions of chapter 99-188, which include chapter 02-209, could not occur without violating the Ex Post Facto Clauses. Therefore, Jones is entitled to be resentenced for the two counts of aggravated battery on a law enforcement officer without the mandatory minimum sentences.
REVERSED and REMANDED FOR RESENTENCING.
SHARP, W., PETERSON, GRIFFIN, THOMPSON, PLEUS, PALMER, ORFINGER, MONACO and TORPY, JJ., concur.
NOTES
[1] Pursuant to Carlson's motion for rehearing that has been pending in this court, we are withdrawing our previous opinion in Carlson and reversing Carlson's sentence by separate opinion to be issued forthwith.
[2] Art. III, § 6, Fla. Const. ("Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.").
[3] See Lebron v. State, 799 So.2d 997, 1019 (Fla.2001) ("While this Court has held that a defendant can waive ex post facto protections as part of an agreed-upon bargain by both parties....") (citation omitted), cert. denied, 535 U.S. 1036, 122 S.Ct. 1794, 152 L.Ed.2d 652 (2002); Bowles v. Singletary, 698 So.2d 1201 (Fla.1997).
[4] See Shelton v. State, 739 So.2d 1235 (Fla. 4th DCA 1999); Cheney v. State, 640 So.2d 103, 105 (Fla. 4th DCA 1994); Dyer v. State, 629 So.2d 285, 286 (Fla. 5th DCA 1993); Stephens v. State, 627 So.2d 543, 544 (Fla. 2d DCA 1993).
[5] Kendrick v. State, 817 So.2d 951 (Fla.2d DCA 2002); Williams v. State, 782 So.2d 980 (Fla. 1st DCA), review denied, 805 So.2d 811 (Fla.2001); Smith v. State, 654 So.2d 264 (Fla. 2d DCA 1995) (holding that there must be statutory authority for imposition of mandatory minimum sentence); see also Carter v. State, 786 So.2d 1173, 1181 (Fla.2001) ("[A] sentence is `illegal' if it `imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances'....") (quoting Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999)).