ORFINGER, J.
Michael Anglin appeals his convictions and the sentences imposed for robbery with a firearm,[1] two counts of aggravated assault on a law enforcement officer,[2] and aggravated fleeing or attempting to elude a law enforcement officer at high speed or with wanton disregard.[3] Pursuant to a plea agreement with the State, Anglin was sentenced to eighteen years in prison for robbery, two concurrent terms of fifteen years in prison with a three-year minimum mandatory for the two counts of aggravated assault on a law enforcement officer, and one concurrent term of fifteen years in prison for aggravated fleeing or attempting to elude a law enforcement officer.[4] On appeal, Anglin argues that the trial court erred when it permitted his counsel to withdraw prior to sentencing and by imposing the three-year minimum mandatory sentences, required by section 784.07(2)(c), Florida Statutes (2001), based on the charges of aggravated assault on a law enforcement officer. For the reasons that follow, we affirm Anglin’s convictions and sentences, but strike the three-year minimum mandatory provisions.
Anglin asserts that the trial court erred in permitting his fourth attorney to withdraw from representation at sentencing, a critical stage in the proceedings. While Anglin had a right to appointed counsel, our review of the record reveals that although Anglin’s counsel was permitted to withdraw at the sentencing hearing, Anglin was not required to proceed pro se. Rather, the record reflects that the court appointed the same attorney to act as standby counsel for Anglin, and the attorney functioned as Anglin’s attorney in all material respects at sentencing. Accordingly, finding no prejudice, we find no merit in Anglin’s argument.
Next, Anglin argues that the trial court should not have imposed three-year minimum mandatory terms on the charges of aggravated assault on a law enforcement officer because Chapter 99-188, Laws of Flofida, which amended section 784.07(2)(c) to add the minimum mandatory term, was enacted in violation of the single subject rule, and that a later enact *676 ment, purportedly curing the constitutional defect, could not be applied retroactively without violating the ex post facto clauses of the state and federal constitutions. In Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), the Second District Court accepted that argument and held that retroactive application of Chapter 02-212 was a violation of the ex post facto clauses of the state and federal constitutions. In Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), this Court rejected that view, and, relying on Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), held that Chapter 02-209 could be applied retroactively without violating constitutional principles. As he was required to do, the trial judge followed Hersey and rejected Green. However, we have since concluded that Hersey was wrongfully decided, and in an en banc opinion, receded from Hersey. See Jones v. State, 01-2775, 872 So.2d 938, 2004 WL 587635 (Fla. 5th DCA Mar. 26, 2004). In Jones, we adopted the Green rationale, and now hold that retroactive application of the legislative reenactments of the provisions of Chapter 99-188, which are included in Chapter 02-209, could not occur without violating the ex post facto clauses of the state and federal constitutions.
Given the length of Anglin’s sentences, the minimum mandatory provisions have no impact on the term of his incarceration. Accordingly, resentencing is unnecessary. However, on remand, the trial court shall enter, and furnish to the Department of Corrections, an order striking the minimum mandatory provisions.
AFFIRMED AND REMANDED FOR CORRECTION OF SENTENCE.
GRIFFIN and PLEUS, JJ., concur.

. § 812.13(2)(a), Fla. Stat. (2001).

. § 784.07(2)(c), Fla. Stat. (2001). The judgment lists count 7 as the crime of aggravated assault with a deadly weapon and refers to section 784.021(1)(A). This appears to be a scrivener’s error as count 7 in the indictment charges aggravated assault on a law enforcement officer under section 784.07(2)(c).

. § 316.1935(3), Fla. Stat. (2001).

. Anglin’s offenses were committed on June 18, 2001, before the effective date of Chapter 02-209, Laws of Florida, which provides for the imposition, of the mandatory minimum sentences imposed on Anglin.