PLEUS, J.
Of the various issues raised on appeal, only one merits discussion.
Calvin Williams was convicted of trafficking in - cocaine between 200 and 400 grams. His sentence included a seven year mandatory minimum term for drug trafficking, which he argues violates the Ex Post Facto Clauses of the Florida and United States Constitutions.
*445 In Chapter 99-188, Laws of Florida, the Legislature enacted provisions creating, inter alia, mandatory minimum prison terms for certain drug trafficking offenses. In Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), the Second District Court of Appeal held Chapter 99-188 unconstitutional for violating the single subject requirement. In response to Taylor, the Legislature enacted Chapters 2002-208 through 2002-212, Laws of Florida, to cure the single subject problem in Chapter 99-188. The Legislature provided that the provisions in these chapters reenacting portions of Chapter 99-188 would apply retroactively from July 1, 1999.
Against this backdrop, Williams argues Chapter 2002-212, which took effect after the offense date in this case, cannot be retroactively applied. This Court recently, in Jones v. State, 2004 WL 587635, 872 So.2d 938 (Fla. 5th DCA Mar.26, 2004), by a unanimous en banc decision, receded from its earlier decision in Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002). Based on the rationale of Jones, we conclude that the retroactive application of Chapter 99-188 is an impermissible violation of the Ex Post Facto Clauses of the federal and Florida Constitutions.
Accordingly, we strike the seven year mandatory minimum provision in Williams’ sentence. See Anderson v. State, 690 So.2d 749 (Fla. 5th DCA 1997). In all other respects, the judgment and sentence are affirmed.
MANDATORY MINIMUM TERM STRICKEN; AFFIRMED AS MODIFIED.
SAWAYA, C.J., and GRIFFIN, J., concur.