PALMER, J.
Samuel Santiago (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of conspiracy to traffic in heroin and trafficking in heroin. Finding no reversible error with regard to the defendant’s convictions, we affirm same. However, with regard to the defendant’s sentences, we conclude the mandatory minimum term imposed is improper and strike it accordingly.
The defendant argues that the trial court erred in denying his pre-trial motion to suppress evidence which was seized from his vehicle at the time of his arrest, claiming that the search of his vehicle exceeded the scope of his consent. We disagree.
During the vehicle search, the police officer, who learned during his training that drugs were often concealed behind car radios, pulled on the defendant’s car radio and it moved free and clear, in that it was not connected by any wires or screws. The officer then found the heroin hidden behind the radio. The defendant argues that a reasonable person would not understand that the officers’ request to search the car would include “dismantling his radio and searching behind it.” We reject this position. The arresting officers testified that the defendant gave them a general consent to search his vehicle and in no way limited the scope of his consent. The evidence demonstrated that the drugs were located in the dashboard behind the radio and that the radio was not attached to the dashboard but was simply poised there in order to hide the drugs. As such, the record contains sufficient evidence to support the trial court’s ruling finding the search properly within the scope of the defendant’s consent. See State v. Ramirez, 625 So.2d 119 (Fla. 5th DCA 1993)(holding that officer’s observation that panel in dashboard above glove compartment was ajar during consensual search of vehicle was sufficient to give officer probable cause, in light of his expertise in use of secret compartments in automobiles for drug transport, to use screwdriver to pry open panel to determine whether there was secret compartment concealing drugs where he suspected them to be).
The defendant also argues that the trial court erred in denying his motions for mistrial which were raised when improper comments were made by several State witnesses regarding the defendant’s involvement in uncharged drug crimes. We disagree. The trial court acted within its discretion to deny the mistrial motions because the statements objected to were *969 merely cumulative to evidence already admitted into evidence and, furthermore, the statements were volunteered by the State’s witnesses, not elicited from the witnesses by the prosecutor.
The defendant next argues that the trial court erred in denying his motion for a judgment of acquittal on the charge of conspiracy. We again disagree. The State presented evidence sufficient to support a finding that the defendant was involved in a conspiracy to traffic in heroin.
The defendant lastly argues that the trial court erred in sentencing him to a mandatory minimum three-year prison term on his trafficking conviction pursuant to section 893.135 of the Florida Statutes. We agree. While the trial court properly relied on our decision in Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002) in imposing a mandatory minimum sentence, this court recently receded from Hersey in Jones v. State, 872 So.2d 938 (Fla. 5th DCA 2004), holding that retroactive application of the legislative reenactments of the provisions imposing mandatory prison terms could not occur without violating the ex post facto clauses of the state and federal constitutions. Accordingly, the defendant’s mandatory minimum term of imprisonment must be stricken.
Judgments affirmed. Sentences affirmed, except that the mandatory minimum term of imprisonment is hereby stricken.
AFFIRMED. Portion of sentence STRICKEN.
PLEUS and TORPY, JJ., concur.