ON MOTION FOR REHEARING

PALMER, J.
We grant the motion for rehearing filed by the State, withdraw our prior opinion, and issue the following in its place. Felix Almenares appeals the trial court’s summary denial of his rule 3.800(a) motion.[1] In his motion, Almenares challenged the three-year mandatory minimum sentence which was imposed on his conspiracy to traffic in cocaine conviction pursuant to the sentencing enhancements set forth in Chapter 99-188 of the Florida Statutes, arguing that the sentence is illegal because Chapter 99-188 has been held unconstitutional. Because, in denying Almenares’ rule 3.800 motion, the trial court relied upon a decision from which this court has since receded, we reverse.
Initially, the trial court denied Almenares’ rule 3.800(a) motion, properly relying on this court’s decision in Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), which held that the defect in Chapter 99-188 was retroactively cured. However, this court recently receded from Hersey in Jones v. State, 872 So.2d 938 (Fla. 5th DCA 2004) and held that retroactive application of the reenacted statute was prohibited. Accordingly, Almenares’ sentence is illegal.[2]
*495 However, the State argues that Almenares is not entitled to receive post-conviction relief because his sentence was entered pursuant to a plea agreement. We disagree. Even though Jones involved a plea bargained sentence, this court directed that the sentence be corrected under rule 3.800(a) because a defendant cannot be bound by an agreement to accept an illegal sentence. Nonetheless, Almenares is not entitled to automatic resentencing. If, as the State alleges, his sentence was the result of a negotiated plea agreement in which the State agreed to reduce the charges, the State must be given the option on remand to agree to a legal sentence or to withdraw from the plea agreement and proceed to trial on the original charges. See, Wallen v. State, 877 So.2d 737, 29 Fla. L. Weekly D1059 (Fla. 5th DCA April 30, 2004); Barthel v. State, 862 So.2d 28 (Fla. 2d DCA 2003).
We reverse the trial court’s denial of Almenares’ rule 3.800 motion and remand this matter to the trial court for further proceedings. We further certify conflict with State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), rev. granted, 854 So.2d 659 (Fla.2003), which held that Chapter 99-188 does not violate the single subject rule.
REVERSED and REMANDED.
SAWAYA, C.J. and PLEUS, J., concur.

. See Fla. R.Crim. P. 3.800.

. The State argues that this appeal should be held in abeyance because the issues of the constitutionality of Chapter 99-188 and whether it was retroactively cured are presently pending in the Florida Supreme Court. See Green v. State, 839 So.2d 748 (Fla. 2d DCA), rev. granted Franklin v. State, 854 So.2d 659 (Fla.2003); State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), rev. granted, 854 So.2d 659 (Fla.2003). We reject this argument because there is no way of knowing how long *495 the case will be pending before the Supreme Court.