887 So.2d 1089 (2004)
STATE of Florida, Appellant,
v.
Cedric GREEN, Appellee.
No. SC03-532.
Supreme Court of Florida.
September 30, 2004.
Rehearing Denied November 19, 2004.
Charles J. Crist, Jr., Attorney General, Robert J. Krauss, Chief, Assistant Attorney General and Katherine V. Blanco, Senior Assistant Attorney General, Tampa, FL, for Petitioner.
Sylvia H. Walbolt, Matthew J. Conigliaro and Hunter W. Carroll of Carlton Fields, P.A., St. Petersburg, FL, for Respondent.
PARIENTE, C.J.
We have for review Green v. State, 839 So.2d 748(Fla. 2d DCA 2003), which declares invalid a state statute.[1] In Taylor v. State, 818 So.2d 544(Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), the Second District Court of Appeal held that chapter 99-188, Laws of Florida, violates the single subject requirement of article III, section 6 of the Florida Constitution. In 2002, in response to Taylor, the Legislature reenacted most of the provisions in chapter 99-188 in five different laws. Each law specified that its provisions "shall be applied retroactively to July 1, 1999," the date chapter 99-188 took effect, or "as soon thereafter as the Constitution of the State of Florida and the Constitution of the United States may permit."[2]
Adhering to its decision in Taylor that chapter 99-188 violates the single subject clause, the Second District in Green held that retroactive application of the 2002 legislation *1090 would violate the ex post facto clauses of the Florida and United States Constitutions. In Franklin State, No. SC03-413 (Fla. Sept. 30, 2004), 887 So.2d 1063, 2004 WL 2197021, this Court held that chapter 99-188 does not violate the single subject requirement of article III, section 6. In so doing, we disapproved Taylor, the case upon which the Second District's decision in Green relied.
Accordingly, we quash the Second District's decision in Green and remand for proceedings consistent with our decision in Franklin. This disposition moots the issue of whether the retroactive application of the 2002 legislation to crimes occurring before that date would be a violation of the ex post facto clauses of the state and federal constitutions. Therefore, in light of our decision in Franklin, we do not address this issue.
It is so ordered.
WELLS, CANTERO and BELL, JJ., concur.
QUINCE, J., dissenting.
I dissent for the same reasons expressed in my dissenting opinion in Franklin State, No. SC03-413 (Fla. Sept. 30, 2004), 887 So.2d 1063, 2004 WL 2197021.
ANSTEAD and LEWIS, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
[2] The 2002 Legislature divided most of the sections of chapter 99-188 into five separate bills that became law on April 29, 2002. See ch.2002-208; 2002-209; 2002-210; 2002-211; 2002-212, Laws of Fla. (collectively referred to as the "2002 enactments"). The Legislature did not reenact sections 11 and 13 of chapter 99-188, which were the sections the Second District in Taylor found to be in violation of article III, section 6.