PARIENTE, C.J.
We have for review the decisions in these cases, which concern the constitutionality of chapter 99-188, Laws of Florida, known as the “Three-Strike Violent Felony Offender Act” (the Act). In Hersey v. State, 831 So.2d 679, 680 (Fla. 5th DCA 2002), the Fifth District Court of Appeal concluded that the Act violated the single subject clause in article III, section 6 of the Florida Constitution, but ultimately upheld the sentence imposed pursuant *1054 to chapter 99-188 on grounds that the Act’s infirmity was retroactively cured by legislation enacted in 2002. The other cases under review herein were decided accordingly.[1] In each case, the Fifth District certified either a question of great public importance or conflict with Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), quashed, State v. Green, 887 So.2d 1089 (Fla.2004), on the constitutional validity of the retroactive cure. We have jurisdiction, see art. V, § 3(b)(3)-(4), Fla. Const., and consolidate these cases for disposition.
We expressly disapprove of the Fifth District’s conclusion that a single subject violation occurred. See Franklin v. State, 887 So.2d 1063, 1067 (Fla.2004) (holding that chapter 99-188 did not violate the single subject rule). Our conclusion that no single subject violation occurred renders it unnecessary for us to address whether the retroactive application of the 2002 legislation to crimes occurring before that legislation took effect would be a violation of the ex post facto clauses of the Florida and United States Constitutions. See State v. Green, 887 So.2d 1089, 1090 (Fla.2004). Because the Fifth District also determined that these sentences were valid, albeit on different grounds, these eases need not be remanded for further proceedings.
It is so ordered.
WELLS, ANSTEAD, CANTERO, and BELL, JJ., concur.
LEWIS, J., dissents.
QUINCE, J., dissents with an opinion.

. The Fifth District ultimately receded from Hersey and held that the 2002 legislation could not retroactively cure the single subject violation without violating the ex post facto clauses of the state and federal constitutions. See Jones v. State, 872 So.2d 938, 940 (Fla. 5th DCA 2004). We also have Jones and its Fifth District progeny for review, and address those cases in a separate opinion. See State v. Jones, No. SC04-706, 908 So.2d 1054, 2005 WL 914192 (Fla. April 21, 2005).