PARIENTE, C.J.
We have for review the decisions in these cases, in which the Fifth District Court of Appeal declared chapter 99-188, Laws of Florida, known as the “Three-Strike Violent Felony Offender Act,” unconstitutional under the single subject requirement of article III, section 6 of the Florida Constitution. We have jurisdiction, see art. V, § 3(b)(1), Fla. Const., and consolidate these cases for purposes of this opinion. In each of these cases, the Fifth District not only held chapter 99-188 unconstitutional, but also receded from its previous conclusion that the constitutional defect was retroactively cured in chapters 2002-208 through 2002-212, Laws of Flori *1056 da. See Jones v. State, 872 So.2d 938, 940 (Fla. 5th DCA 2004) (receding in part from Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002)).[1]
We quash the decisions of the Fifth District in these cases and remand for reconsideration in light of our decision in Franklin v. State, 887 So.2d 1063 (Fla.2004), in which we held that chapter 99-188 did not violate the single subject rule. Our decision that no single subject violation occurred renders it unnecessary for us to address the issue of whether the retroactive application of the 2002 legislation to crimes occurring before that date would be a violation of the ex post .facto clauses of the Florida and United States Constitutions. See State v. Green, 887 So.2d 1089, 1089-90 (Fla.2004).
It is so ordered.
WELLS, ANSTEAD, CANTERO, and BELL, JJ., concur.
LEWIS, J., dissents.
QUINCE, J., dissents with an opinion.

. We also have for review Hersey and its Fifth District progeny, which we address in a separate opinion. See Hersey v. State, No. SC02-2630, 908 So.2d 1052, 2005 WL 914190 (Fla. April 21, 2005).