# Supreme Court of Florida

---

No. SC2024-0426

---

**KENNETH JAMES KENDRICK,**
Petitioner,

vs.

**SECRETARY, DEPARTMENT OF CORRECTIONS,**
Respondent.

August 22, 2024

PER CURIAM.

Kenneth James Kendrick, an inmate in state custody, filed a pro se petition for writ of habeas corpus with the Court.[1] We denied the petition, expressly retained jurisdiction, and directed Kendrick to show cause why sanctions should not be imposed against him for his abuse of the Court's limited resources. *See Kendrick v. Sec'y, Dept. of Corr.*, 2024 WL 1795230 (Fla. Apr. 25, 2024); Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Having considered his response to the show cause order, we find that Kendrick has failed

---

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

to show cause why he should not be pro se barred, and we sanction him as set forth below.

Kendrick was convicted of attempted sexual battery with a weapon and kidnapping and sentenced to 30 years and life imprisonment, respectively, on March 9, 1995, by the Circuit Court of the Thirteenth Judicial Circuit (Hillsborough County) in case number 291994CF006120000AHC. The Second District Court of Appeal affirmed his convictions and sentences. *Kendrick v. State*, 675 So. 2d 937 (Fla. 2d DCA 1996) (table). The Second District Court of Appeal further affirmed Kendrick's 30-year resentencing, which corrected the life sentence upon the second-degree attempted sexual battery with a deadly weapon conviction as exceeding the statutory maximum, *Kendrick v. State*, 817 So. 2d 951, 952 (Fla. 2d DCA 2002), and the district court also held that Kendrick was properly designated a sexual predator. *Kendrick v. State*, 868 So. 2d 654 (Fla. 2d DCA 2004). Kendrick also filed at least eight other motions to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, the denials of which have all been

affirmed on appeal.[2]  In 2011, the circuit court barred Kendrick from filing any further pro se pleadings in the trial court pertaining to case number 291994CF006120000AHC.

Kendrick has engaged in a vexatious pattern of filing meritless requests for relief in this Court pertaining to his convictions and sentences.  The instant petition represents the seventh petition that Kendrick has filed with the Court related to case number 291994CF006120000AHC.  The prior petitions either lacked merit and were denied or dismissed or were clearly filed in the wrong court and transferred to the appropriate court.  *See Kendrick v. Sec'y, Dept. of Corr.*, 2024 WL 1795230 (Fla. Apr. 25, 2024).

We have never granted Kendrick the relief sought in any of his filings.  Kendrick's habeas petition in this case is no exception.  In the petition, Kendrick claims he is entitled to immediate release on the basis that he was improperly sentenced as a habitual violent

---

2.  *See Kendrick v. State*, 38 So. 3d 143 (Fla. 2d DCA 2010) (table); *Kendrick v. State*, 15 So. 3d 587 (Fla. 2d DCA 2009) (table); *Kendrick v. State*, 4 So. 3d 1232 (Fla. 2d DCA 2009) (table); *Kendrick v. State*, 993 So. 2d 526 (Fla. 2d DCA 2008) (table); *Kendrick v. State*, 987 So. 2d 1219 (Fla. 2d DCA 2008) (table); *Kendrick v. State*, 910 So. 2d 268 (Fla. 2d DCA 2005) (table); *Kendrick v. State*, 907 So. 2d 529 (Fla. 2d DCA 2005) (table); *Kendrick v. State*, 838 So. 2d 1158 (Fla. 2d DCA 2003) (table).

felony offender. Kendrick argues that the State's notice of intent to seek an enhanced penalty was defective as it relied upon the unconstitutional 1995 habitual violent felony offender statute. This claim could have and should have been raised before the trial court and on appeal, or in a prior postconviction proceeding. Kendrick did not allege, nor could he, that the claim derives from newly discovered evidence. *See* Fla. R. Crim. P. 3.850(b). We therefore denied the petition as procedurally barred and directed Kendrick to show cause why he should not be barred from filing any further pro se requests for relief.

Kendrick claims that he only files meritorious pleadings and expresses no remorse for his repeated misuse of this Court's limited judicial resources. Accordingly, we have no reason to believe that he will abandon his practice of filing meritless or wholly inappropriate pro se requests for relief. Therefore, we find that Kendrick has failed to show cause why he should not be sanctioned for his abusive conduct. Based on Kendrick's history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v.*

*McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Kendrick will continue to burden the Court's resources. We further conclude that Kendrick's habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2023).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Kenneth James Kendrick that are related to case number 291994CF006120000AHC, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Kendrick's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2023), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Kendrick is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Habeas Corpus

Kenneth James Kendrick, pro se, Wewahitchka, Florida,

for Petitioner

No appearance for Respondent